COMMAND *v.* BRUTON.

PRINCIPAL AND SURETY—BONDS—RECOVERY MAY BE HAD ONLY IN CASE OF BREACH.

Where the principal defendant gave two bonds as surety, first as special administrator and later as executor, and the record shows that, as special administrator, he turned the cash on hand over to himself as executor, and no default as special administrator is shown, in an action for his failure as executor to distribute the cash on hand as ordered by the court, recovery may be had only on the second bond.

Case-made from Wayne; Miller (Guy A.), J.     Submitted January 17, 1924.     (Docket No. 79.)     Decided March 5, 1924.

Assumpsit by Edward Command and Harry S. Hulbert, probate judges of Wayne county, for the use and benefit of Ottilie Wolter and another against Martin F. Bruton, principal, and the National Surety Company, surety, on certain bonds.     Judgment for plaintiffs on one bond only.     They appeal.     Affirmed.

*Fritz Hailer* (*William E. Henze,* of counsel), for appellants.

*Yerkes, Simons & Goddard* (*James I. McClintock,* of counsel), for appellees.

FELLOWS, J.     June 23, 1919, defendant Bruton was appointed special administrator of the estate of Albin Hoeche, deceased.     He filed the usual bond in the sum of $3,000 with defendant National Surety Company as surety.     In due course of time the will of Hoeche was admitted to probate, defendant Bruton being named as executor.     On October 7, 1919, he filed the

usual executor's bond in the sum of $5,000 with the same surety. He filed his account as special administrator but although examined it was not formally allowed. It showed cash on hand in the sum of $7,058.02. He filed his account as executor showing as the first item and under date of September 20, 1919, this amount as the balance on hand. His account as executor was allowed and a few days later, on petition of the residuary legatees, an order was entered for the distribution of the cash on hand to such residuary legatees. Upon failure to comply with this order, and after the proper preliminary steps were taken, this suit was instituted upon both bonds. Defendant surety company did not deny that it was liable on one bond, the executor's bond for $5,000, but did deny that it was liable on both bonds. The case was tried by the court without a jury and liability was sustained on the executor's bond and denied on the special administrator's bond. Plaintiffs review the judgment on case-made.

We have examined the authorities cited by counsel and considered the legal questions discussed in the briefs and upon the oral argument. We do not, however, find it necessary to review these authorities. Upon this record the trial court was justified in rendering the judgment it did and no other judgment was justified. The judgment upon the executor's bond was justified because the record established, at least *prima facie*, that defendant Bruton as executor had received from himself as special administrator the assets of the estate, and all of them, and had refused to distribute such assets although ordered so to do by the probate court. The case made to establish liability on the executor's bond negatived liability on the special administrator's bond. This is not a case of successive bonds for the same trust but of different bonds for different trusts. To justify recovery on the special administrator's bond there must be evidence of its

breach; this record presents none, nor anything from which a breach could be inferred.

The instant case is readily distinguishable from *Cranson* v. *Wilsey,* 71 Mich. 356, relied upon by plaintiffs' counsel. In that case the executors were directed to invest the assets for the benefit of the legatees. Instead of doing so the executor, Mead, converted them to his own use. In an action on the executor's bond, it was claimed that the executors were liable only as trustees and not as executors but the court held that they had not turned the property over to themselves as trustees but had converted it while acting as executors and, therefore, their bond as such executors was liable. Somewhat analogous in principle is *In re Sanborn's Estate,* 109 Mich. 191. But in the instant case the record establishes at least *prima facie* that as special administrator defendant Bruton turned over to himself as executor the assets of the estate and there is nothing on the record to dispute it. Before plaintiffs can recover on the bond of the special administrator, they must show its breach. This they have failed to do.

The judgment will be affirmed.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred. McDONALD, J., did not sit.